IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>STATE OF ILLINOIS,<br><br>    Plaintiffs,<br><br>        v.<br><br>SERGIUS A. RINALDI, d/b/a<br>SERGIUS A. RINALDI, P.C.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)    No. 03-3216<br>)<br>)<br>)<br>)<br>) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on the Plaintiffs' Motion for Default Judgment (d/e 27) and Defendant Sergius A. Rinaldi, d/b/a Sergius A. Rinaldi, P.C.'s Motion for Specific Performance to Set Aside Order and Default Judgment Pursuant to Rules 60(b)(4) and (6) Under Exceptional Circumstances (d/e 29) (Defendant's Motion). For the reasons set forth below, the Plaintiffs' Motion for Default Judgment is ALLOWED, and Defendant's Motion is DENIED.

I.  Plaintiffs' Motion for Default Judgment

On September 30, 2003, the Plaintiffs filed a Complaint (d/e 1)

1

alleging that Defendant submitted false claims and false statements for reimbursement for dental care for patients. The docket reveals that Defendant filed a waiver of service of summons on November 4, 2003. Waiver of Service Returned (d/e 9). At the request of Defendant, on December 5, 2003, the Court stayed the matter until the entry of final judgment in the criminal case. Order entered December 5, 2003 (d/e 15). On September 14, 2006, the Plaintiffs filed a Motion to Lift Stay of Proceedings (d/e 16) based on the fact that the Seventh Circuit had affirmed the underlying criminal conviction against the Defendant. See United States v. Rinaldi, 461 F.3d 922 (7th Cir. 2006). Defendant did not object to the Plaintiffs' Motion to Lift Stay. Thus, on December 11, 2006, the Court issued a Text Order lifting the stay, and directed Defendant to answer or otherwise plead within 60 days of the Text Order. Defendant failed to do so.

On February 20, 2007, the Court directed the Plaintiffs to file a motion for entry of default by March 5, 2007. See Opinion entered February 20, 2007 (d/e 21). The Plaintiffs did so on March 2, 2007. On March 5, 2007, Magistrate Judge Byron G. Cudmore allowed the Plaintiffs' Motion for Entry of Default (d/e 22) and entered an Order of Default (d/e

2

23) in the Plaintiffs' favor and against the Defendant.[1]  Defendant is not a minor or an incompetent person, nor is he in military service.  See Affidavit for Default Judgment (d/e 28), ¶ 4.  Therefore, the Court finds entry of default judgment against Defendant to be appropriate and turns to the question of damages and civil penalties.

Plaintiffs seek statutory damages of a total of $65,054.67 and civil penalties of $170,000.00 pursuant to the False Claims Act (FCA), 31 U.S.C. § 3729 et seq.  Persons who violate the FCA are liable for three times the government's damages, plus a civil penalty of not less than $5,000.00 and not more than $10,000.00.  31 U.S.C. § 3729.  The Plaintiffs documented improper claims submitted by Defendant resulting in damages to the Government in the amount of $21,688.19, which when multiplied three times as required by law yields $65,054.67. Affidavit for Default Judgment, ¶ 5.  These damages are easily ascertainable, and no evidentiary hearing is required.  The Court finds that Plaintiffs are entitled to statutory damages totaling $65,054.67.

---

[1] The Court notes that, on March 12, 2007, Defendant filed an Objection to Government's Motion for Entry of Default (d/e 25) (Objection) and an untimely Motion in Opposition to Government's Motion to Lift Stay of Proceedings (d/e 26) (Motion). Judge Cudmore denied Defendant's Objection.  See Text Order entered March 15, 2007. The Motion was denied as moot.  Text Order entered March 20, 2007.

With respect to civil penalties, the Plaintiffs request the minimum penalty of $5,000.00 for each of the 34 beneficiary numbers billed, rather than for each of the 246 claims.  <u>Affidavit for Default Judgment</u>, ¶ 5. Plaintiffs therefore seek civil penalties in the amount of $170,000.00.  <u>Id.</u> The civil penalties are easily ascertainable, reasonable under the circumstances, and no evidentiary hearing is required.  The Court finds that Plaintiffs are entitled to civil penalties in the amount of $170,000.00.

II.   <u>Defendant's Motion</u>

Without waiting for the Court's ruling on the Plaintiffs' Motion for Default Judgment, Defendant filed, on April 2, 2007, a premature Motion for Specific Performance to Set Aside Order and Default Judgment Pursuant to Rules 60(b)(4) and (6) Under Exceptional Circumstances.  The Plaintiffs have filed a response objecting to the Motion.  In the Motion, Defendant asks the Court to set aside the Default Order and the corresponding Judgment.  Defendant has neither presented any evidence demonstrating good cause for his default nor any evidence showing that he is likely to prevail on the merits.  As discussed <u>supra</u>, the Court sees no basis to set aside the Default Order or to refrain from entering default judgment.  The Motion is therefore denied.

THEREFORE, for the reasons set forth above, the Plaintiffs' Motion for Default Judgment (d/e 27) is ALLOWED, and Defendant's Motion for Specific Performance to Set Aside Order and Default Judgment Pursuant to Rules 60(b)(4) and (6) Under Exceptional Circumstances (d/e 29) is DENIED. All pending motions are denied as moot. The case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: May 21, 2007.

       FOR THE COURT:

                              s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE